UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN SWANSON, | ) |
| | ) |
|                 **Plaintiff,** | ) |
| v. | )    No.: 20-cv-4005-MMM |
| | ) |
| GREGG SCOTT et al., | ) |
| | ) |
|                 **Defendants.** | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center, seeks leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff alleges that Defendant Gregg Scott, the Rushville Program Director and a John Doe and Jane Doe Defendant have violated his First Amendment rights by denying him internet access. He asserts the additional claim that Defendant Scott has denied him the opportunity to make outgoing, collect telephone calls. Plaintiff seeks injunctive relief only, a Court order that he be allowed internet access and use of electronic devices with internet access, and that he be allowed to make outgoing collect telephone calls.

Plaintiff asserts that his lack of connectivity has violated his constitutional rights to free association, causing him to be in an informational "black hole." Plaintiff cites *Lingle v. Kibby*, 526 Fed. Appx. 665, 667 (7th Cir. 2013) and *Brown v. Phillips*, 801 F.3d 849 (7th Cir. 2015), to support his alleged constitutional right to internet access. The Court notes, however, that *Lingle* only addressed the issue of civil detainees' access to video gaming systems and other devices which did not have internet connectivity, so it is not applicable here. Plaintiff's reliance on *Brown* is similarly misplaced as there, the Seventh Circuit found that Rushville's ban on internet-capable devices was done in furtherance of legitimate security interests. *See id*. at 853-54, (applying the rational relationship test identified in *Turner v. Safley*, 482 U.S. 78 (1987)). The Appellate Court found that absent such a prohibition, civilly committed sex offenders would be able to "contact victims of their crimes" and to "download, manipulate, share, and store *illegal* pornography…") (emphasis in original). *Brown,* 801 F.3d at 855.

The Seventh Circuit further determined in *Brown,* that even if an internet-capable device was purchased without Wi-Fi hardware, "the consoles still could wirelessly connect to the

internet by plugging into the console's Ethernet or USB port a device that would convert the cable-only device to a wireless device.  A resident could then connect to the internet in several ways, including simply asking outsiders to emit a wireless signal from a cell phone in the parking lot." *Id.* at 853.

The prevailing caselaw in this Circuit squarely supports the Rushville policy restricting detainees' access to internet-capable devices.  As the policy has been considered by the Appellate Court and recognized as constitutionally sound, this claim is DISMISSED with prejudice.

Plaintiff asserts an additional claim that Defendant Scott denied him the opportunity to make outgoing collect telephone calls.  Plaintiff offers no additional information and it is unclear whether Plaintiff was generally not allowed to make calls, or merely restricted from placing collect calls.  Plaintiff does not reveal whether this telephone restriction was imposed pursuant to Rushville policy, or for disciplinary reasons.  Plaintiff will be given an opportunity, within 30 days, to plead this claim with more specificity.

**IT IS THEREFORE ORDERED:**

1.   Plaintiff's petition to proceed in forma pauperis [ECF 3] is GRANTED. Plaintiff's claim alleging a First Amendment violation in the lack of internet access is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff's First Amendment claim against Defendant Scott as to the lack of telephone privileges is also dismissed, with leave to replead within 30 days.  If Plaintiff files an amended complaint it is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims without reference to a prior pleading.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.  The John and Jane Doe

Defendants are DISMISSED for Plaintiff's failure to plead against them. *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998) (merely naming a defendant in the caption is insufficient to state a claim).

    2.    Plaintiff's Motions for Status [ECF 6] and [ECF 8] are rendered MOOT by this order.

  5/14/2020                                    s/Michael M. Mihm
ENTERED                                          MICHAEL M. MIHM
                                                  UNITED STATES DISTRICT JUDGE